I think that the charge of the judge who tried this cause was correct. The statute in question, (1 Rev. St. 601, sec. 1,) gave the plaintiff as a stockholder of the East River Mutual Ins. Co., the right not only to inspect the books containing the names of the stockholders, but also to take memorandums or copies of such names. The statute gives the right to all stockholders of incorporated companies, at all reasonable times, and for thirty days previous to any election of directors, to examine the books containing the transfer of stock, and the names of the stockholders. At the election of directors the transfer books of the company are evidence of the stock held in the company. (1Rev. St. 604, sec. 6.) Every stockholder has a right to the information to be derived from these books, to enable him to ascertain who are qualified voters, and to confer with all such in relation to the election of directors. The object of the statute in requiring the officers of the company to exhibit the books to the stockholders for examination, was undoubtedly to enable them to obtain information which the books could afford for such purpose. Unless the stockholder is permitted to take memorandums from the books, or copies of the names of the stockholders, the plain object of the statutory provision would be defeated. A penal law is not to be construed so strictly as to defeat the obvious intention of the legislature. The maxim is not to be so applied as to narrow the words of the statute to the exclusion of cases which the words in their ordinary signification, or in that sense in which the legislature obviously used them, would comprehend. (5 Whea. 76, perMarshall, Ch. J.) But the statute under consideration, although penal as to the defendant, *Page 568 
is beneficial generally, and should therefore be equitably construed. (13 John. 497.) I think the sense in which the legislature used the words of this statute, justifies the construction given to it in the charge of the judge.
The judgment of the supreme court should be affirmed.
Judgment affirmed.